**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 23 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SUNLAND ESTATE HOMEOWNERS ASSOCIATION, Sunland HOA, | No. 17-73060 |
| Petitioner, | FERC Nos. 2114-277 2114-289 |
| v. | |
| FEDERAL ENERGY REGULATORY COMMISSION, | MEMORANDUM* |
| Respondent, | |
| PUBLIC UTILITY DISTRICT NO. 2 OF GRANT COUNTY, WASHINGTON, | |
| Intervenor. | |

On Petition for Review of an Order of the
Federal Energy Regulatory Commission

Argued and Submitted March 5, 2019
Seattle, Washington

Before: GOULD and PAEZ, Circuit Judges, and PREGERSON,** District Judge.

Petitioner-Appellant, Sunland Homeowners Association ("Sunland HOA"),

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Dean D. Pregerson, United States District Judge for the Central District of California, sitting by designation.

appeals the Federal Energy Regulatory Commission's ("FERC") order denying rehearing of FERC's underlying order amending the Priest Rapids Hydroelectric Project's ("Project") boundary. *See Pub. Util. Dist. No. 2 of Grant Cty., Washington*, 160 FERC ¶ 61096 (Sept. 20, 2017) (Order Denying Rehearing); *Pub. Util. Dist. No. 2 of Grant Cty., Washington*, 158 FERC ¶ 61036 (Jan. 19, 2017) (Order Amending Project Boundary).

Petitioner represents the homeowners of the Sunland Estates community. Sunland Estates is a residential community comprised of 549 lots located adjacent to the Project shorelines. Every lot within Sunland Estates is subject to conditions, covenants, and restrictions ("CC&Rs") restricting it to residential uses only. In 2001, the Project's licensee, Public Utility District No. 2 of Grant County, Washington ("PUD"), acquired an undeveloped lot of land ("Lot 51") within the Sunland Estates community. Lot 51 is directly adjacent to the Project shorelines and is the subject of this dispute.

In 2015, PUD applied to FERC for a Project boundary amendment to include Lot 51 because PUD needed Lot 51 for Project purposes. In 2017, FERC granted the Project boundary amendment. *Pub. Util. Dist. No. 2 of Grant Cty., Washington*, 158 FERC ¶ 61036 (Jan. 19, 2017). Sunland HOA claims that FERC's decision to amend the Project boundary was (1) not based on substantial evidence, and (2) FERC improperly decided that Lot 51's CC&Rs are subject to federal preemption. We

17-73060

have jurisdiction under 16 U.S.C. § 825*l*(b).

**1.** As a preliminary matter, we address Sunland HOA's standing to seek review of the FERC order. "Any party to a proceeding under this chapter aggrieved by an order issued by [FERC] in such proceeding may obtain a review of such order in the United States court of appeals for any circuit wherein the licensee or public utility to which the order relates is located . . . ." 16 U.S.C. § 825*l*(b). "[B]oth aggrievement and standing require that petitioners establish, at a minimum, injury in fact to a protected interest." *Port of Seattle v. FERC*, 499 F.3d 1016, 1028 (9th Cir. 2007) (internal quotations omitted) (citation omitted). "An association has standing . . . when its members would otherwise have standing to sue in their own right, the interests at stake are germane to the organization's purpose, and neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 181 (2000).

Sunland HOA has standing to appeal FERC's order because it was a party in the FERC proceedings below and it is a party aggrieved by FERC's order. Sunland HOA represents the Sunland Estates homeowners who hold legally protected property interests negatively affected by FERC's order, namely, their interest in ensuring that all lots abide by the CC&Rs. FERC's order adds Lot 51 to the Project boundary and permits non-residential uses in violation of the CC&Rs. As will be

3

discussed below, whether these property interests can be enforced, eliminated, or compensated, is a question that must be resolved by a court of competent jurisdiction and is not a matter before this court. We conclude that Sunland HOA has standing to seek review of the FERC order.

**2.** We review the FERC's decision under a highly deferential standard to determine "'only whether [a] decision was arbitrary, capricious, an abuse of discretion, unsupported by substantial evidence, or not in accordance with law.'" *California Trout v. FERC*, 572 F.3d 1003, 1012 (9th Cir. 2009) (quoting *Steamboaters v. FERC*, 759 F.2d 1382, 1388 (9th Cir. 1985)). The agency's findings of fact are "conclusive if supported by substantial evidence." *Pub. Utils. Comm'n of Cal. v. FERC*, 462 F.3d 1027, 1045 (9th Cir. 2006). "Substantial evidence 'means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Snoqualmie Indian Tribe v. FERC*, 545 F.3d 1207, 1212 (9th Cir. 2008) (quoting *Bear Lake Watch, Inc. v. FERC*, 324 F.3d 1071, 1076 (9th Cir. 2003)).

The Federal Power Act authorizes FERC to issue licenses "for the use or benefit of interstate or foreign commerce, for the improvement and utilization of water-power development . . . and for other beneficial public uses, including . . . recreational and other purposes . . . ." 16 U.S.C. § 803(a)(1). FERC determines the project's purposes and accordingly, the project boundary. *See* 18 C.F.R. § 4.41(h)(2)

("The boundary must enclose only those lands necessary for operation and maintenance of the project and for other project purposes, such as recreation, shoreline control, or protection of environmental resources.").

Here, the stated Project purposes, not in dispute, "required that lands within the project boundary be managed for public recreation, shoreline control, and environmental protection." The only issue before us is whether FERC's finding that Lot 51 was needed for Project's purposes was based on substantial evidence. We conclude that this finding was based on substantial evidence. FERC reviewed evidence of Sunland HOA's proposed alternative access points and found that they were not suitable because one proposed alternative had steep topography, evident from a map attached to PUD's application for the amendment, and the second proposed alternative had higher reservoir pool levels making it unsuitable for vehicle and public access. FERC also considered PUD's previous use of Lot 51 and specific information of how PUD would continue to use Lot 51. For example, PUD required access for heavy equipment to install native plants, remove illegal encroachments, hazard trees, unpermitted structures, and maintain power distribution line, and required access for ATVs, light duty trucks, and/or watering trucks to establish new plants and perform weed control. Based on this evidence, FERC further determined that Lot 51 was the only land-based access point owned and controlled by the PUD and that provided access to Project shoreline adjacent to Sunland Estates. Thus,

17-73060

FERC concluded that Lot 51 was needed for Project purposes and should be included in the Project boundary. FERC's order amending the Project boundary is supported by substantial evidence.

**3.** Lastly, Sunland HOA contends that FERC improperly decided that the Federal Power Act preempts Lot 51's CC&Rs. We disagree. FERC clearly stated that it does not have authority to determine property rights: "[D]isputes as to current property rights are not matters for the commission[,] [r]ather, they must be resolved through the courts, if necessary." *Pub. Util. Dist. No. 2 of Grant Cty., Washington*, 160 FERC ¶ 61096, at P 6, (Sept. 20, 2017) (Order Denying Rehearing) (citing *Andrew Peklo III*, 149 FERC ¶ 61,037, at P 53 (Oct. 16, 2014)). FERC did not decide whether the property interests, namely, the CC&Rs, can be enforced, eliminated, or compensated. Therefore, the issue is not before us on this petition for review. Sunland HOA must seek relief from a court of competent jurisdiction.

**PETITION FOR REVIEW IS DENIED.**

17-73060